1  Andrew C. Schwartz, Esq. (State Bar No. 64578)
   Adam Carlson, Esq. (State Bar No. 257795)
2  **CASPER, MEADOWS, SCHWARTZ & COOK**
   California Plaza
3  2121 North California Blvd., Suite 1020
   Walnut Creek, CA 94596
4  Telephone:    (925) 947-1147
   Facsimile:    (925) 947-1131
5
6  Attorneys for Plaintiff
   E.B., a minor, by and through
7  his Guardian ad Litem, Judith Ann Birba
8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  E.B., a minor by and through his Guardian ad Litem, Judith Ann Birba, | Case No. |
| 13 | |
| Plaintiff, | **COMPLAINT** |
| 14 | **42 U.S.C. § 1983** |
| vs. | |
| 15 | |
| 16  CITY OF BRENTWOOD POLICE OFFICER TAYLOR JOHNSON, CITY OF BRENTWOOD, and DOES 1 through 20, | **DEMAND FOR JURY TRIAL** |
| 17 | |
| Defendants. | |
| 18 | |

19                    **INTRODUCTION**

20        1.      This complaint alleges violations of the constitutional rights of plaintiff E.B. by

21  defendant CITY OF BRENTWOOD POLICE OFFICER TAYLOR JOHNSON

22  ("JOHNSON"), CITY OF BRENTWOOD, and DOES 1 through 20.  The actions giving rise to

23  defendants' liability, as alleged in this complaint, occurred in the City of Brentwood, Contra

24  Costa County, State of California, on October 21, 2018.

25        2.      The complaint seeks remedies pursuant to Title 42, United States Code, sections

26  1983 and 1988, as well as violations of the laws of the State of California.  Jurisdiction is

27  conferred upon the United States District Court by Title 28, United States Code, sections 1331,

28  1343 and 1367(a).

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT                                                                    1

3.      On October 21, 2018, E.B. was riding a dirt bike on the roads and trails of Brentwood. Defendant JOHNSON and other CITY OF BRENTWOOD police officers were called out to an unrelated report by an anonymous caller of individuals yelling at a car. While driving towards the subject location defendant JOHNSON saw E.B. riding his dirt bike. Detaining E.B. without cause or suspicion, defendant JOHNSON drove his patrol vehicle into E.B. and his dirt bike, and then handcuffed E.B. while he lay on the ground, seriously injured.

4.      E.B. was hospitalized and underwent surgery to his foot as a result of the conduct of defendant JOHNSON.

5.      E.B. brings this lawsuit to vindicate his rights through this Court and to be compensated for injuries and damages caused by defendants, particularly defendant JOHNSON, who have acted to deprive E.B. of his sense of comfort and security as a citizen of this country.

## JURISDICTION AND VENUE

6.      This complaint alleges violations of the constitutional rights of plaintiff E.B. by defendant JOHNSON, CITY OF BRENTWOOD and DOES 1 through 20.  The complaint seeks remedies pursuant to Title 42, United States Code, sections 1983 and 1988.  Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343.

7.      The actions giving rise to defendants' liability, as alleged in this complaint, occurred in the City of Brentwood, Contra Costa County, State of California.   Venue is therefore proper in the United States District Court for the Northern District of California pursuant to Title 28, United States Code, section 1391(b).

8.      Pursuant to Title 28, United States Code, section 1367(a), this Court has supplemental jurisdiction over the State of California claims brought in this action, which arise from a common nucleus of operative facts and from the same transactions and occurrences raised in E.B.'s federal causes of action.

\ \ \

\ \ \

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

2

**INTRADISTRICT ASSIGNMENT**

9.     The claims alleged herein arose in the County of Contra Costa. This action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

**IDENTIFICATION OF PARTIES**

10.     At all times material to this complaint, plaintiff E.B. was a resident of Contra Costa County, California, and a minor.

11.     At all times material to this complaint, defendant JOHNSON was a CITY OF BRENTWOOD police officer.  In committing the acts and omissions alleged in this complaint, defendant JOHNSON was acting under color of law and within the course and scope of his employment as an officer of the CITY OF BRENTWOOD police department.   Defendant JOHNSON is sued in his individual capacity.

12.     On information and belief, defendant CITY OF BRENTWOOD is a municipal corporation that owns, operates, and governs the CITY OF BRENTWOOD police department and its employees pursuant to the laws of the State of California.

13.     At all times material to this complaint defendant CITY OF BRENTWOOD and the CITY OF BRENTWOOD Police Department were responsible for the employment, training, supervision and discipline of defendant JOHNSON.

14.     Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 20, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as described in this complaint.  Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 1 through 20 when they have been ascertained.  Any reference in this complaint to "defendants" also refers to defendants DOES 1 through 20.

15.     Each defendant sued in this complaint acted as the agent or employee of every other defendant, and in perpetrating the wrongful conduct detailed in this complaint, acted within the scope of such agency and employment, or ratified the acts of the others.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

3

## FACTS GIVING RISE TO THE COMPLAINT

16.     On October 20, 2018, at approximately 6:30 p.m., E.B., a black male, was riding a Honda CRF250R, commonly referred to as a dirt bike, on the roads and trails of Brentwood.

17.     CITY OF BRENTWOOD police department officers, including defendant JOHNSON, were responding to the area of Creek Road and Concord Avenue in Brentwood in response to an unrelated call by an anonymous reporting party indicating there were Hispanic males chasing after an unknown car while yelling.

18.     CITY OF BRENTWOOD police officer Ryan Rezentes, arriving to the subject area, pulled over a car containing Hispanic males and communicated such over the police radio.

19.     Defendant JOHNSON, arriving to the subject area and searching for the traffic stop, saw an individual, not E.B., riding a dirt bike on Creek Road and observed CITY OF BRENTWOOD police officer Joseph Nunemaker attempting to chase that dirt bike rider on foot.

20.     Defendant JOHNSON assumed that officer Nunemaker was trying to have that dirt bike rider slow down or yield.

21.     Defendant JOHNSON then saw a second dirt bike rider, E.B., heading in his direction on Creek Road.

22.     E.B. drove his dirt bike off Creek Road and onto the dirt and vegetation area in between Creek Road and March Creek Trail.

23.     Defendant JOHNSON drove directly at the approaching E.B., turning his vehicle onto the vegetation and dirt area, striking the dirt bike and E.B. with enough force that the airbags deployed in defendant JOHNSON's patrol vehicle.

24.     E.B. was knocked to the ground and immediately experienced severe pain, particularly in his foot and ankle area.

25.     Defendant JOHNSON got out of the vehicle.

26.     A witness observed defendant JOHNSON pulling out a handgun or a taser while exiting the vehicle and going towards E.B.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

4

27. Defendant JOHNSON admits putting E.B. in handcuffs while E.B. was laying on the ground.

28. Emergency Medical Services ("EMS") were summoned to the area to treat E.B.'s injuries caused by defendant JOHNSON. Paramedics treated E.B. for his primary complaints: pain and injury to his right foot and an avulsion injury to his bicep.

29. Due to the seriousness of the injuries, paramedics considered having E.B. transported to a nearby trauma center via a critical-care EMS helicopter. Realizing an ambulance would get E.B. to the hospital sooner, E.B. was transported by ambulance.

30. E.B. was admitted into John Muir Hospital in Walnut Creek and underwent a battery of tests for concern of injury to his head, chest, pelvis, tibia, fibula, ankle, elbow and foot.

31. The following day, October 21, 2018, E.B. underwent surgery to his right foot while at John Muir Hospital to address the multiple fractures to four metatarsal bones.

32. E.B. was discharged from the hospital with the following diagnoses: open fracture of right foot, contusion of upper arm, contusion of right thigh, blunt chest trauma, blunt abdominal trauma, multiple open fractures of metatarsal bones one through four of right foot.

33. California Highway Patrol Officer Steven Fajardin investigated the incident and determined defendant JOHNSON to be at fault for the collision by driving into the field in front of E.B. and driving into the right side of E.B.'s dirt bike.

**STATEMENT OF DAMAGES**

34. As a direct and proximate result of defendant's acts, plaintiff was unlawfully seized and subject to unreasonable force without probable cause or reasonable suspicion.

35. As a direct and proximate result of defendant's acts, plaintiff was hospitalized, suffered a displaced fracture of his first through fourth metatarsal bones in his right foot, an abdomen injury, arm and right thigh contusion, and injury to his lower right leg. His right foot injury required surgical intervention.

36. As a direct and proximate result of defendant's acts, plaintiff has suffered severe emotional distress.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

5

37.     Plaintiff incurred medical expenses for incident related medical treatment.

38.     Plaintiff's claim for general damages include claims for pain, suffering, humiliation, and emotional distress in amounts to be determined according to proof.

39.     Plaintiff has and may continue to have in the future, damages for permanent injuries, permanent scarring and/or other physical disfigurement and/or disability in an amount to be determined according to proof.

40.     Defendants and each of them are liable for plaintiff's injuries and damages pursuant to Title 42 U.S.C Section 1983; California Government Code sections 815.2, 815.6, 820, 820.8; and California Civil Code sections 52.1, as set forth below.

41.     Defendant JOHNSON's acts were intentional, willful, malicious, reckless and in conscious disregard of plaintiff's protected rights. As such and to deter future similar conduct by defendant, plaintiff is entitled to an award of punitive damages against him.

## JURY TRIAL DEMAND

42.     Plaintiff hereby demands a jury trial in this action.

## COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT

43.     With respect to the causes of action for violations of the laws of the State of California, Plaintiff timely filed a claim notice with the City of Brentwood pursuant to the California Tort Claims Act on April 11, 2019.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violations:  Unreasonable force,**
**Unlawful Seizure, Unlawful Detention, and Unlawful Arrest**
**(Against Defendant JOHNSON)**

44.     Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth in this claim for relief.

45.     Defendant JOHNSON acted under color of law in violating plaintiff E.B.'s rights protected by the Fourth Amendment to the United States Constitution.  These actions included the unreasonable and excessive use of force against plaintiff E.B., unlawful seizure of plaintiff E.B.'s person by and through an unlawful detention lacking reasonable suspicion of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*                                                                                   6
COMPLAINT

1  criminal activity and unlawful arrest lacking probable cause, each violation independently and

2  all violations jointly causing plaintiff E.B. injury.

3      46.    As a direct and proximate result of defendant JOHNSON's actions and

4  omissions, plaintiff E.B. was deprived of his rights and privileges under the Fourth Amendment

5  to the United States Constitution.

6      47.    Defendant JOHNSON acted with malice and oppression by intentionally driving

7  his vehicle into plaintiff E.B., seriously injuring him, and then handcuffing him while he lay on

8  the ground in need of medical attention.  Defendant's conduct was intended to harm plaintiff

9  E.B. and/or was despicable and carried out with a conscious disregard of plaintiff E.B.'s rights

10  or safety.   Plaintiff E.B. therefore is entitled to recover exemplary damages from those

11  defendants.

12      WHEREFORE, plaintiff seeks relief as set forth below.

13                      **SECOND CLAIM FOR RELIEF**
                            **42 U.S.C. § 1983**
14                 **Supervisory Liability, Monell**
                 **(Against CITY OF BRENTWOOD,**
15                    **and DOES 1 through 20)**

16      48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47 of this

17  complaint as though fully set forth in this claim for relief.

18      49.    At all times relevant to this complaint, it was the policy, practice and custom of

19  CITY OF BRENTWOOD, acting through their policymakers and agents, to violate the Fourth

20  Amendment to the Constitution as described in this complaint.

21      50.    Those violations which constituted the policy of CITY OF BRENTWOOD, and

22  DOES 1 through 20, included, but were not limited to, the use of unreasonable, unjustified,

23  and/or excessive force and engage in unlawful seizures based upon unlawful policies.

24      51.    The failure of CITY OF BRENTWOOD, and to those delegated to make and

25  enforce policy, to discipline defendant JOHNSON, who violated plaintiff's Fourth Amendment

26  rights ratified that unconstitutional conduct and further confirmed that the violation of

27  plaintiff's rights represented CITY OF BRENTWOOD's policy.

28      52.    The policies, practices and customs of CITY OF BRENTWOOD, and DOES 1

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*                                                    7
COMPLAINT

1  through 20 were the moving forces behind the violation of plaintiff's rights protected by the

2  Fourth Amendment to the United States Constitution.

3          53.     At all times relevant to this complaint, the policies, practices and customs

4  developed and maintained by CITY OF BRENTWOOD, and DOES 1 through 20, reflected a

5  deliberate indifference to the protection of the rights guaranteed by the Fourth Amendment to

6  the United States Constitution.

7          WHEREFORE, plaintiff seeks relief as set forth below.

8                            **THIRD CLAIM FOR RELIEF**
                                     **Negligence**
9                            **(Against All Defendants)**

10         54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this

11  complaint as though fully set forth in this claim for relief.

12         55.     Defendant was negligent in doing the acts alleged in this complaint.

13         56.     Plaintiff was injured as a result of that negligence.

14         57.     As a proximate result of that negligence, plaintiff suffered damages, physical

15  injuries and emotional distress.

16         58.     CITY OF BRENTWOOD employee defendant JOHNSON committed his

17  alleged actions and negligent conduct in the course and scope of his employment.  Defendant

18  JOHNSON is liable pursuant to California Government Code § 820.1(a), which renders a

19  public employee liable for injury caused by his or her act or omission to the same extent as a

20  private person.  CITY OF BRENTWOOD is liable pursuant to Government Code § 815.2,

21  which renders a public entity liable for injury proximately caused by an act or omission of an

22  employee of a public entity within the scope of his or her employment if the act or omission

23  would give rise to a cause of action against the public employee, commonly referred to as

24  respondeat superior liability.

25         59.     Each of defendants' conduct was a substantial factor in causing the alleged

26  damages including severe emotional distress.

27  \ \ \

28  \ \ \

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FOURTH CLAIM FOR RELIEF**
**Assault**
**(Against All Defendants)**

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 59 of this complaint as though fully set forth in this claim for relief.

61.     Defendant JOHNSON intended to harm or come into offensive contact with Plaintiff.

62.     Plaintiff reasonably apprehended that Defendant was about to touch him in a harmful or offensive manner.

63.     Defendant JOHNSON also threatened to touch Plaintiff in a harmful or offensive manner and Plaintiff reasonably apprehended that defendant Johnson was about to carry out that threat.

64.     Plaintiff did not consent to the conduct of defendant JOHNSON and was harmed thereby.

65.     CITY OF BRENTWOOD employee defendant JOHNSON committed his alleged actions in the course and scope of his employment.  Defendant JOHNSON is liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  CITY OF BRENTWOOD is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee, commonly referred to as respondeat superior liability.

66.     Each defendants' conduct was a substantial factor in causing the alleged harm.

WHEREFORE, plaintiff seeks relief as set forth below.

\\\

\\\

\\\

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

9

**FIFTH CLAIM FOR RELIEF**
**Battery**
**(Against All Defendants)**

67.     Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of this complaint as though fully set forth in this claim for relief.

68.     Defendant JOHNSON touched plaintiff, or caused plaintiff to be touched with the intent of harming or offending plaintiff.

69.     Plaintiff did not consent to the conduct of defendant JOHNSON.

70.     Plaintiff was harmed by defendant's conduct.

71.     A reasonable person in plaintiff's situation would have been offended by the conduct of defendant JOHNSON.

72.     CITY OF BRENTWOOD employee defendant JOHNSON committed his alleged actions in the course and scope of his employment.  Defendant JOHNSON is liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  CITY OF BRENTWOOD is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee, commonly referred to as respondeat superior liability.

73.     Each defendants' conduct was a substantial factor in causing the alleged harm.

WHEREFORE, plaintiff seeks relief as set forth below.

**SIXTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

74.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 of this complaint as though fully set forth in this claim for relief.

75.     Defendant JOHNSON engaged in outrageous conduct intended to cause plaintiff emotional distress, and/or acted with reckless disregard of the probability that plaintiff would suffer emotional distress.

76.     Plaintiff suffered severe emotional distress.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

10

77.     CITY OF BRENTWOOD employee defendant JOHNSON committed his alleged actions in the course and scope of his employment.  Defendant JOHNSON is liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  CITY OF BRENTWOOD is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee, commonly referred to as respondeat superior liability.

78.     Each defendants' conduct was a substantial factor in causing the alleged severe emotional distress.

WHEREFORE, plaintiff seeks relief as set forth below.

**SEVENTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**
**Bane Act Violation**
**(Against All Defendants)**

79.     Plaintiff realleges and incorporates by reference paragraphs 1 through 78 of this complaint as though fully set forth in this claim for relief.

80.     Defendant JOHNSON, using threats, coercion and intimidation, interfered with and threatened to interfere with plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution, and Art. 1, § 13 of the California Constitution.

81.     CITY OF BRENTWOOD employee defendant JOHNSON committed his alleged actions and negligent conduct in the course and scope of his employment.  Defendant JOHNSON is liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  CITY OF BRENTWOOD is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee, commonly referred to as respondeat superior liability.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT

11

82.     The actions of each defendant were a substantial factor in causing plaintiff to sustain harm and the special and general damages which plaintiff will establish at trial.

83.     Defendant JOHNSON acted with malice and oppression.   His conduct was intended to harm plaintiff or was despicable, carried out with a conscious disregard of plaintiff's rights or safety.   Defendants' conduct also subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights.

84.     Plaintiff seeks statutory damages and attorney fees allowed by California Civil Code §§ 52, and 52.1(b).

WHEREFORE, plaintiff seeks additional relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

1. Compensatory damages, including general damages, according to proof against all defendants;

2. Special damages according to proof against all defendants;

3. Attorney fees and costs pursuant to 42 U.S.C. section 1988;

4. Statutory damages and penalties, attorney fees and costs pursuant to California Civil Code sections 52(b) and 52.1;

5. Punitive damages in an amount according to proof against defendant JOHNSON;

6. Such other relief as the Court finds just and proper.


DATED: December 11, 2019                    CASPER, MEADOWS, SCHWARTZ & COOK



By:_____ /s/ - "Adam Carlson"_____
                    ADAM CARLSON
                    Attorney for Plaintiff E.B., a minor

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*E.B. vs. Taylor Johnson, et al.*
COMPLAINT                                                                                    12