KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:	(415) 697-2000
Facsimile:	(415) 813-2045

Attorneys for Defendants
CITY OF BRENTWOOD POLICE OFFICER TAYLOR
JOHNSON and CITY OF BRENTWOOD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.B., a minor, by and through his Guardian ad Litem, JUDITH ANN BIRBA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BRENTWOOD POLICE OFFICER TAYLOR JOHNSON, CITY OF BRENTWOOD, and DOES 1 through 20,<br><br>Defendants. | Case No. 3:19-cv-08078-SK<br><br>**DEFENDANTS' CITY OF BRENTWOOD POLICE OFFICER TAYLOR JOHNSON AND CITY OF BRENTWOOD'S ANSWER TO THE COMPLAINT**<br><br>Hon. Sallie Kim |

I.      **INTRODUCTION**

1.      Paragraph 1 is an Introduction, to which no response is required. To the extent a response is deemed required, Defendants CITY OF BRENTWOOD POLICE OFFICER TAYLOR JOHNSON and CITY OF BRENTWOOD ("Defendants") respond as follows: in response to the allegations of the first sentence of Paragraph 1 of the complaint, admitted. In response to the allegations of the second sentence of Paragraph 1, beginning and ending with "occurred in the City of Brentwood, California, Contra Costa County, State of California," admitted. In response to the allegations of the second sentence of Paragraph 1, beginning and ending with "on October 21, 2018," denied. In response all remaining allegations of the second

1  sentence of Paragraph 1, these defendants have no information or belief to enable them to answer
2  said allegations, and for that reason and basing their denials on that ground, deny both generally
3  and specifically, each and every, all and singular, the allegations contained therein.

4      2.     Paragraph 2 is an Introduction, to which no response is required. To the extent a
5  response is deemed required, Defendants respond as follows: admitted.

6      3.     Paragraph 3 is an Introduction, to which no response is required. To the extent a
7  response is deemed required, Defendants respond as follows: in answer to the allegations of the
8  first sentence of Paragraph 3 of the complaint, denied. In answer to the allegations of the second
9  sentence of Paragraph 3 of the complaint, these defendants have no information or belief to
10 enable them to answer said allegations, and for that reason and basing their denials on that
11 ground, deny both generally and specifically, each and every, all and singular, the allegations
12 contained therein. In answer to the allegations of the third sentence of Paragraph 3 of the
13 complaint, admitted. In answer to the allegations of the fourth sentence of Paragraph 3 of the
14 complaint, beginning and ending with "handcuffed E.B.," admitted. In answer to all remaining
15 allegations of the fourth sentence of Paragraph 3 of the complaint, these defendants have no
16 information or belief to enable them to answer said allegations, and for that reason and basing
17 their denials on that ground, deny both generally and specifically, each and every, all and
18 singular, the allegations contained therein.

19     4.     Paragraph 4 is an Introduction, to which no response is required. To the extent a
20 response is deemed required, Defendants respond as follows: these defendants have no
21 information or belief to enable them to answer said allegations, and for that reason and basing
22 their denials on that ground, deny both generally and specifically, each and every, all and
23 singular, the allegations contained therein.

24     5.     Paragraph 5 is an Introduction, to which no response is required. To the extent a
25 response is deemed required, Defendants respond as follows: these defendants have no
26 information or belief to enable them to answer said allegations, and for that reason and basing
27 their denials on that ground, deny both generally and specifically, each and every, all and
28 singular, the allegations contained therein.

359541.1

## II. JURISDICTION AND VENUE

6. In answer to the allegations of paragraph 6 of the complaint, admitted.

7. In answer to the allegations of the first sentence of Paragraph 7 of the complaint, beginning and ending with "occurred in the City of Brentwood, California, Contra Costa County, State of California," admitted. In answer to all remaining allegations of the first sentence of Paragraph 7, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. In answer to the allegations of the second sentence of Paragraph 7 of the complaint, admitted.

8. In answer to the allegations of paragraph 8 of the complaint, admitted.

## III. INTRADISTRICT ASSIGNMENT

9. In answer to the allegations of paragraph 9 of the complaint, admitted.

## IV. IDENTIFICATION OF PARTIES

10. In answer to the allegations of Paragraph 10 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of Paragraph 11 of the complaint, admitted.

12. In answer to the allegations of Paragraph 12 of the complaint, admitted.

13. In answer to the allegations of Paragraph 13 of the complaint, admitted.

14. In answer to the allegations of Paragraph 14 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of Paragraph 15 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

359541.1

## V.     FACTS GIVING RISE TO THE COMPLAINT

16. In answer to the allegations of Paragraph 16 of the complaint, admitted.

17. In answer to the allegations of Paragraph 17 of the complaint, beginning and ending with "CITY OF BRENTWOOD police department officers, including defendant JOHNSON, were responding to the area of Creek Road and Concord Avenue in Brentwood," admitted. In answer to all remaining allegations of Paragraph 17, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of Paragraph 18 of the complaint, beginning and ending with "CITY OF BRENTWOOD police officer Ryan Rezentes, arriving to the subject area, pulled over a car containing Hispanic males," admitted. In answer to all remaining allegations of Paragraph 18, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of Paragraph 19 of the complaint, admitted.

20. In answer to the allegations of Paragraph 20 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

21. In answer to the allegations of Paragraph 21 of the complaint: to the extent the word "then" is used temporally, to suggest or otherwise indicate that the events of Paragraph 21 immediately occurred after the events of Paragraph 20, denied. Removing the word "then," Defendants admit that sometime during the incident Defendant Johnson saw a second dirt biker rider, E.B., heading in his direction.

22. In answer to the allegations of Paragraph 22 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and

singular, the allegations contained therein.

23. In answer to the allegations of Paragraph 23 of the complaint, beginning and ending with "the airbags deployed in Defendant Johnson's patrol vehicle," admitted. In answer to all remaining allegations of Paragraph 23, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of Paragraph 24 of the complaint, beginning and ending with "E.B. was knocked to the ground," admitted. In answer to all remaining allegations of Paragraph 24, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

25. In answer to the allegations of Paragraph 25 of the complaint, admitted.

26. In answer to the allegations of Paragraph 26 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

27. In answer to the allegations of Paragraph 27 of the complaint, admitted. Defendants also note E.B. was unhandcuffed very soon thereafter.

28. In answer to the allegations of Paragraph 28 of the complaint, beginning and ending with "Emergency Medical Services ("EMS") were summoned to the area," admitted. In answer to all remaining allegations of Paragraph 28, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of Paragraph 29 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

359541.1

singular, the allegations contained therein.

30. In answer to the allegations of Paragraph 30 of the complaint, beginning and ending with "E.B. was admitted into John Muir Hospital in Walnut Creek," admitted. In answer to all remaining allegations of Paragraph 30 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

31. In answer to the allegations of Paragraph 31 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32. In answer to the allegations of Paragraph 32 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

33. In answer to the allegations of Paragraph 33 of the complaint, beginning and ending with "California Highway Patrol Officer Steven Fajardin investigated the incident," admitted. In answer to the allegations of Paragraph 33 of the complaint, beginning and ending with "and determined defendant JOHNSON to be at fault for the collision," admitted that Ofc. Fajardin found Ofc. Johnson to have caused the collision. In answer to all remaining allegations of Paragraph 33 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

VI.   **STATEMENT OF DAMAGES**

34. In answer to the allegations of Paragraph 34 of the complaint, denied.

35. In answer to the allegations of Paragraph 35 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and

1  basing their denials on that ground, deny both generally and specifically, each and every, all and
2  singular, the allegations contained therein.

3        36.    In answer to the allegations of Paragraph 36 of the complaint, these defendants
4  have no information or belief to enable them to answer said allegations, and for that reason and
5  basing their denials on that ground, deny both generally and specifically, each and every, all and
6  singular, the allegations contained therein.

7        37.    In answer to the allegations of Paragraph 37 of the complaint, these defendants
8  have no information or belief to enable them to answer said allegations, and for that reason and
9  basing their denials on that ground, deny both generally and specifically, each and every, all and
10 singular, the allegations contained therein.

11       38.    In answer to the allegations of Paragraph 38 of the complaint, these defendants
12 have no information or belief to enable them to answer said allegations, and for that reason and
13 basing their denials on that ground, deny both generally and specifically, each and every, all and
14 singular, the allegations contained therein.

15       39.    In answer to the allegations of Paragraph 39 of the complaint, these defendants
16 have no information or belief to enable them to answer said allegations, and for that reason and
17 basing their denials on that ground, deny both generally and specifically, each and every, all and
18 singular, the allegations contained therein.

19       40.    In answer to the allegations of Paragraph 40 of the complaint, denied.
20       41.    In answer to the allegations of Paragraph 41 of the complaint, denied.

## VII. JURY TRIAL DEMAND

22       42.    Defendants likewise demand a jury trial in this action.

## VIII. COMPLIANCE WITH THE TORT CLAIMS ACT

24       43.    In answer to the allegations of Paragraph 43 of the complaint, these defendants
25 have no information or belief to enable them to answer said allegations, and for that reason and
26 basing their denials on that ground, deny both generally and specifically, each and every, all and
27 singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

359541.1

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth Amendment Violations: Unreasonable force, Unlawful Seizure, Unlawful Detention, and Unlawful Arrest
### (Against Defendant JOHNSON)

44. Defendants allege and incorporate by reference their responses to Paragraphs 1-43.

45. In answer to the allegations of Paragraph 45 of the complaint, denied.

46. In answer to the allegations of Paragraph 46 of the complaint, denied.

47. In answer to the allegations of Paragraph 47 of the complaint, denied.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Supervisory Liability, Monell
### (Against CITY OF BRENTWOOD, and DOES 1 through 20)

48. Defendants allege and incorporate by reference their responses to Paragraphs 1-47.

49. In answer to the allegations of Paragraph 49 of the complaint, denied.

50. In answer to the allegations of Paragraph 50 of the complaint, denied.

51. In answer to the allegations of Paragraph 51 of the complaint, denied.

52. In answer to the allegations of Paragraph 52 of the complaint, denied.

53. In answer to the allegations of Paragraph 53 of the complaint, denied.

### THIRD CLAIM FOR RELIEF
### Negligence
### (Against All Defendants)

54. Defendants allege and incorporate by reference their responses to Paragraphs 1-53.

55. In answer to the allegations of Paragraph 55 of the complaint, denied.

56. In answer to the allegations of Paragraph 56 of the complaint, denied.

57. In answer to the allegations of Paragraph 57 of the complaint, denied.

58. In answer to the allegations of Paragraph 58 of the complaint, denied.

59. In answer to the allegations of Paragraph 59 of the complaint, denied.

### FOURTH CLAIM FOR RELIEF
### Assault
### (Against All Defendants)

60. Defendants allege and incorporate by reference their responses to Paragraphs 1-59.

61. In answer to the allegations of Paragraph 61 of the complaint, denied.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

8

ANSWER
3:19-CV-08078-SK

359541.1

62. In answer to the allegations of Paragraph 62 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

63. In answer to the allegations of Paragraph 63 of the complaint, denied.

64. In answer to the allegations of Paragraph 64 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

65. In answer to the allegations of Paragraph 65 of the complaint, denied.

66. In answer to the allegations of Paragraph 66 of the complaint, denied.

### FIFTH CLAIM FOR RELIEF
### Battery
### (Against All Defendants)

67. Defendants allege and incorporate by reference their responses to Paragraphs 1-66.

68. In answer to the allegations of Paragraph 68 of the complaint, denied.

69. In answer to the allegations of Paragraph 69 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

70. In answer to the allegations of Paragraph 70 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

71. In answer to the allegations of Paragraph 71 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

72. In answer to the allegations of Paragraph 72 of the complaint, denied.

73. In answer to the allegations of Paragraph 73 of the complaint, denied.

**SIXTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

74. Defendants allege and incorporate by reference their responses to Paragraphs 1-73.

75. In answer to the allegations of Paragraph 75 of the complaint, denied.

76. In answer to the allegations of Paragraph 76 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

77. In answer to the allegations of Paragraph 77 of the complaint, denied.

78. In answer to the allegations of Paragraph 78 of the complaint, denied.

**SEVENTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**
**Bane Act Violation**
**(Against All Defendants)**

79. Defendants allege and incorporate by reference their responses to Paragraphs 1-78.

80. In answer to the allegations of Paragraph 80 of the complaint, denied.

81. In answer to the allegations of Paragraph 81 of the complaint, denied.

82. In answer to the allegations of Paragraph 82 of the complaint, denied.

83. In answer to the allegations of Paragraph 83 of the complaint, denied.

84. In answer to the allegations of Paragraph 84 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**DEMAND**

Defendants demand a Jury Trial.

**FIRST AFFIRMATIVE DEFENSE**

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiff assumed the risk of any injuries and/or damages resulting from the matters

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

set forth in said complaint, and that said assumption of risk by plaintiffs was a cause of the injuries and/or damages alleged by plaintiffs, if any there were.

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's causes of action are barred by statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Prior to the time when defendants are alleged to have committed the acts complained of, plaintiff invited, gave permission to, and consented to the acts alleged in the complaint.  Each of the acts alleged in the complaint, which acts are expressly denied, was done within the scope of this consent and permission.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, defendants are not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that defendants are liable based on the acts or omissions of others.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants alleges that plaintiff failed to set forth the facts sufficient to state a cause of action due to a failure to comply with claims requirements of the California Government Code §§ 900 et. seq.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

ALLEGE:

Should plaintiff recover non-economic damages against any defendant, the liability for non-economic damages is limited to the degree of fault and several liability of said defendant pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendant based upon said defendant's degree of fault and several liability.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, plaintiff consented either expressly or impliedly, to any such acts or conduct as may be shown on the part of these answering defendants.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants Taylor Johnson is immune from 42 U.S.C. §1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff was himself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to her alleged injuries and/or damages. A verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiff's negligence contributed to the accident and injuries complained of, if any there were.

WHEREFORE, defendants pray that plaintiff take nothing by way of the complaint on file herein and that defendants have judgment for its costs, attorneys' fees and for such other and further relief as the court deems proper.

Respectfully submitted,

Dated:  January 9, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By:  */s/ Kevin P. Allen*
     KEVIN P. ALLEN
     JOHN B. ROBINSON
     Attorneys for Defendants
     CITY OF BRENTWOOD POLICE OFFICER
     TAYLOR JOHNSON and CITY OF
     BRENTWOOD