1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7  E. B., et al.,                              Case No. 19-cv-08078-SK

                    Plaintiffs,
8
                                              **CASE MANAGEMENT AND**
9         v.                                   **PRETRIAL ORDER (JURY)**

10 TAYLOR JOHNSON, et al.,

                    Defendants.
11

12         Following the case management conference held on March 16, 2020, IT IS HEREBY

13 ORDERED THAT a further case management conference will be held on August 17, 2020 at 1:30

14 p.m. in this Court located in Courtroom C on the 15th Floor, 450 Golden Gate Avenue, San

15 Francisco, California 94102.  Except as modified by the Order, the Court adopts the dates set forth

16 in the Joint Case Management Statement.  (Docket No. 19.)  Pursuant to Federal Rule of Civil

17 Procedure 16, IT IS FURTHER ORDERED THAT:

18 **I.      TRIAL DATE**

19         **A.**      Jury trial will begin on May 25, 2021 at 8:30 a.m. in Courtroom C on the 15th

20 Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

21         **B.**      The length of the trial will not be more than five days.

22         **C.**      Trial normally will be conducted from 8:30 a.m. to 2:00 p.m. (or slightly longer to

23 finish a witness) with two fifteen-minute breaks, Tuesday through Friday excluding holidays.  If

24 there are issues that must be addressed outside the presence of the jury, the Court shall address

25 those issues at 8:00 a.m.  This schedule may be modified at the discretion of the Court.

26 **II.     DISCOVERY**

27         **A.**      To assist the Court in evaluating proportionality with respect to any discovery

28 disputes, the parties shall include an estimate regarding the value of the case, including a good

faith assessment of damages, in their further joint case management statement due August 10, 2020.

      **B.**     All non-expert discovery shall be completed no later than October 09, 2020.

      **C.**     Initial expert disclosures shall be made by no later than October 23, 2020.

      **D.**     Rebuttal expert disclosures shall be made by no later than November 20, 2020.

      **E.**     All expert discovery shall be completed no later than December 11, 2020.

## III.    MOTIONS

The last day for hearing dispositive motions shall be February 22, 2021.  If the parties plan to file cross-motions for summary judgment, the parties shall meet and confer and agree to a briefing schedule whereby:

- one party files an opening summary judgment motion by January 04, 2021;
- the other party shall file its opposition and cross-motion by January 18, 2021;
- the reply and opposition to the cross-motion is due by February 01, 2021;
- the reply in support of the cross-motion is due by February 08, 2021.

If the parties want to file dispositive cross-motions before the deadline, they shall stipulate to a similar briefing schedule whereby one party files an opening summary judgment motion seven weeks before the hearing is scheduled to be heard, the other party shall file its opposition and cross-motion five weeks before the hearing, the reply and opposition to the cross-motion is filed three weeks before the hearing, and the reply in support of the cross-motion is filed two weeks before the hearing.  If only one side intends to file a motion for summary judgment, the briefing schedule set forth in the Northern District Local Civil Rules applies.

## IV.    ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

The Court ORDERS that, pursuant to Civil Local Rule 72-1, this matter is REFERRED to Magistrate Judge Laurel Beeler for a settlement conference to be conducted by July 31, 2020, if possible.  The parties will be advised of the date, time and place of appearance by notice from the assigned magistrate judge.

United States District Court
Northern District of California

V.   **PRETRIAL CONFERENCE**

    **A.**    The pretrial conference will be held on April 23, 2021 at 1:30 p.m.

    **B.**    At least 28 days before the pretrial conference, lead counsel and/or the parties if *pro se* shall meet and confer regarding preparation of the joint pretrial conference statement, preparation and exchange of pretrial materials to be filed (including jury instructions, verdict forms and voir dire), and settlement of the action.

    **C.**    At least 14 days before the pretrial conference, counsel and/or parties shall serve and file a joint pretrial statement.  The pretrial statement shall include the following:

        1.    A brief description of the substance of claims and defenses which remain to be decided.

        2.    A detailed statement of all relief sought, itemizing all elements of damages claimed.

        3.    A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

        4.    A statement of all relevant disputed facts which remain to be decided.

        5.    A brief statement of disputed points of law concerning liability and relief. Legal argument on these points shall be reserved for the trial briefs.

        6.    A statement of any motions or other matters that must be resolved prior to trial.

        7.    A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

        8.    An estimate of the number of hours needed for the presentation of each party's case.

        9.    A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    **D.**    At least 14 days before the pretrial conference, counsel and/or parties shall also:

United States District Court
Northern District of California

1.      Serve and file trial briefs (not to exceed 10 pages), which shall specify each cause of action and defense remaining to be tried, along with a statement of the applicable legal standard.  No opposition shall be filed.  The trial briefs should also state which issues, if any, are for the Court to decide, rather than the jury.

2.      Serve and file a list of deposition excerpts for witnesses who will not testify in person (specifying the witness and the page and line references to the deposition transcripts) and other discovery responses that will be offered at trial.  If there are objections and/or requested counter-designations, the parties shall provide these, as well as the basis for the objections and the response thereto.

3.      Serve and file a list of all witnesses to be called at trial, in person or by deposition, other than solely for impeachment or rebuttal, with a brief statement describing the substance of the testimony to be given.

4.      Serve and file a numerical list of exhibits that will be offered as evidence in a party's case in chief in support of a claim or defense, with a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness.  For the disputed exhibits, the parties shall file a joint chart.  The first column should describe the exhibit, the second column should briefly describe the basis for the objection, the third column should briefly describe the response thereto, and the fourth column should provide a space for the Court's ruling.

**E.      Motions *in Limine*.**  The parties are encouraged to resolve as many trial issues by stipulation as possible.  The parties shall meet and confer at least 35 days before the pretrial conference to determine whether any evidentiary issues may be resolved by stipulation.  No party may file a motion *in limine* without first making a good faith effort to resolve the evidentiary issue with opposing counsel.

1.      Please limit motions *in limine* to circumstances that require an advance ruling.  No more than five motions per side will be allowed.  If a party seeks to file more than five motions *in limine*, they must file an administrative motion at least 14 days before the motions *in*

4

*limine* are due to be served on opposing counsel, demonstrating extraordinarily good cause for allowing the excess motions.  The administrative motion should summarize the subject matter of each proposed additional motion *in limine*.

2.      The motions *in limine* shall be served, but not filed, at least 30 days before the pretrial conference.  The oppositions shall be served, but not filed, at least 20 days before the pretrial conference.  The Court does not permit reply briefs.  At least 14 days before the pretrial conference, the parties shall file the motions *in limine* and submit them to Chambers collated in a binder.  In the binder, the motions shall be separated by tabs (*e.g.,* Tab 1: Plaintiff's Motion *in Limine* No. 1 re:; Tab 2: Defendant's Opposition to Plaintiff's Motion *in Limine* No. 1, and so on).  The binder containing all motions *in limine* should be submitted to the Clerk's office in an envelope clearly marked with the case number and "SK chambers copy."

3.      Each motion *in limine* should address a single, separate topic, and contain no more than seven pages of briefing per side.  Leave of Court will be required to exceed the page limitations.  Motions should be clearly identified as "_____'s Motion in Limine No. __ re _____" If the content of an exhibit is necessary to the resolution of a motion *in limine*, that exhibit must be attached to a declaration in support of that motion.

**F.      Jury Instructions.**  At least 14 days before the pretrial conference, the parties shall file a joint set of proposed jury instructions on substantive issues arranged in a logical sequence.  The parties shall use the Ninth Circuit Model jury instructions where possible.  Any language a party proposes to remove from a model instruction must be designated with a ~~strikethrough~~ and language proposed to be added to a model instruction must be underlined.  If a model instruction includes bracket language or blanks, the parties must provide the Court with the appropriate language or blanks completed.

1.      The parties should include proposed text for all proposed jury instructions, even for any form preliminary instructions, general instructions or concluding instructions on which they agree.  If undisputed, an instruction shall be identified as "Stipulated Instruction No.

5

___ re _____."  Even if stipulated, the instruction shall be supported by citation.

2.  If, after meeting and conferring in good faith, the parties cannot agree on a proposed jury instruction, each party's proposed version shall be provided and identified as "Disputed Instruction No. ___ re _____, Offered by _____," with blanks filled in as appropriate.  All proposed versions of the same instruction shall bear the same number.  If a party does not have a counter version and simply contends that no such instruction in any version shall be given, then that party should so state (and explain why in the separate memoranda required by paragraph 3) on a separate page in lieu of an alternate version.

3.  The parties are encouraged to keep disputed instructions, as well as instructions that vary from the Ninth Circuit Model jury instructions, to a minimum.  To the extent they are unable to resolve their disputes, the Court requires complete briefing on disputed instructions.  Thus, a party supporting an instruction must submit a separate memorandum of law in support of its disputed instructions, organized by instruction number.  Counsel shall quote exact, controlling passages from the authorities and provide citations with pin cites.  The party opposing a given instruction, or instructions, must include a responsive brief to the supporting party's memorandum, organized by instruction number.  The responsive brief also shall quote exact, controlling passages from the authorities and provide citations with pin cites.

**G.**   **Verdict Forms.**  Parties shall file their joint verdict form at least 14 days before the pretrial conference.  If, after a good faith effort to meet and confer, the parties cannot agree on a joint form, the parties may submit separate proposed verdict forms.  If the verdict form is disputed, each party shall explain, in no more than one page, which its proposed verdict form should be given.

**H.**   **Voir Dire.**  Parties shall file their proposed questions for voir dire at least 14 days before the pretrial conference.

1.  During the voir dire, the Court will elicit the jurors' basic biographical information through its own questioning (*e.g.*, current employment, marital status, past jury

United States District Court
Northern District of California

6

service), so those subjects need not be including in the parties' proposed set of questions.

2.      If, after meeting and conferring, the parties cannot agree on a joint set of voir dire questions, the joint set may be supplemented as necessary by separate requests for good cause only.  Please keep these to a minimum.

3.      At least 14 days before the pretrial conference, the parties shall jointly file a proposed statement of the case to be read to the jury during voir dire.  Unless the case is extremely complex, this statement should not exceed one page, double spaced.

**I.      Pretrial Binders.**  At least 14 days before the pretrial conference, counsel and/or parties shall provide to chambers a binder with the following, separated by tabs: their pretrial statement, trial briefs, deposition excerpts and other discovery responses (including any objections and/or counter designations), witness lists, exhibit lists, jury instructions (including the supporting and responsive memorandum), verdict forms, and voir dire.  In a separate binder, the parties shall provide the joint exhibit chart with the objections and copies of the disputed exhibits, separated by tabs. (The parties should not file the copies of the disputed exhibits.)  These pretrial binders should be submitted to the Clerk's office in an envelope clearly marked with the case number and "SK chambers copy."

**J.      CD-ROM.**  The parties also shall submit to the Clerk's office in an envelope clearly marked with the case number and "SK chambers copy" a CD-ROM.  The CD-ROM shall contain copies of the following in Microsoft Word format: the jury instructions (including all stipulated and disputed instructions, but not the memorandums), the proposed voir dire, the statement of the case, the joint disputed exhibit chart, and any proposed special verdict forms.

**VI.    TRIAL PROCEDURES**

A.      Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Richard Duvall, Court Reporter Supervisor at (415) 522-2079 or Richard_Duvall@cand.uscourts.gov, at least 14 days prior to the trial date.

B.      During trial, counsel may wish to use the technology available in the Courtroom.  If

7

United States District Court
Northern District of California

that is the case, the parties shall refer to the Court's Website regarding Courtroom Technology at: http://cand.uscourts.gov/courtroomtech.  If the parties prefer to use the Court's equipment rather than their own, 28 days before the pretrial conference they should contact the Court's Courtroom Deputy to determine whether an evidence cart is available.  The parties may also consult with the Courtroom Deputy regarding courtroom layout issues.

If the parties intend to use their own equipment, or intend to use equipment in addition to the equipment available through the Court, it should be shared by all counsel to the maximum extent possible.  In addition, the United States Marshal requires a court order to allow equipment into the courthouse.  For electronic equipment, parties should be prepared to maintain the equipment or have a technician available at all times.  For overhead projectors, the parties shall provide a spare bulb.  The parties shall tape extension cords to the carpet for safety.  The parties shall be prepared to disassemble and store all equipment in the courtroom at the end of each court day.

C.      Jurors may take notes.  Note pads will be distributed at the beginning of each trial. The note pads will be collected at the end of each day and locked in the jury room.  Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.  The Court may permit the jury to pose written questions to witnesses.

D.      At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).  The first notice shall be exchanged prior to the first day of trial.  All such notice should be provided in writing.

E.      It is the Court's preference that where the parties identify the same witness, the parties should call that witness once during the trial, unless either party can show that they would be prejudiced by this procedure.  When the Court follows this procedure, the Court allows a

defendant to reserve the right to move for judgment as a matter of law, and the Court will only consider evidence presented by the plaintiff as part of the plaintiff's case-in-chief when evaluating that motion.

F.      A witness or exhibit not listed in the joint pretrial order may not be used without good cause.  This rule does not apply to true rebuttal witnesses (other than rebuttal experts who must be listed).  Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

G.      At trial, direct testimony of experts will be limited to the matters disclosed in their reports.  Omitted material may not ordinarily be added on direct examination.  Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the jury.  If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination.  By written stipulation, all parties may relax these requirements.  The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back door").  At its discretion, the Court may require the parties' expert witnesses on a particular subject matter to testify immediately following one another, with appropriate explanatory instructions to the jury.

H.      Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, counsel should bring them promptly to the Court's attention.

I.      In general, in addition to the official record exhibits, the Court requires two copies of the joint set of bench binders that contain copies of the exhibits.  Counsel shall provide these binders to the Court on the first day of trial.  Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench sets).  In large letters, the labels should identify the range of exhibit numbers contained in a binder.

J.      Before the closing arguments, counsel must confer with the Courtroom Deputy Clerk to make sure the exhibits in evidence are in good order.  Before the case goes to the jury, counsel shall prepare an easy-to-read index of admitted exhibits, which should include all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. C., dated August 17, 1999).

K.      Ordinarily, the Court shall set fixed time limits at the final pretrial conference.  All of counsels' examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time must fit within the time limits and may be allocated as counsel wish.  The time limits for opening statements and closing arguments shall be considered separately.  Counsel must keep track of everyone's usage.  At the end of each day, counsel must confer over the time used and the time remaining for all parties and advise the Court daily.  If a party requests a side bar to argue an objection, and the Court overrules that party's objection, the Court may charge the time spent at side-bar to that party.

**IT IS SO ORDERED.**

Dated: March 18, 2020



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10